ON APPLICATION FOR READMISSION
PER CURIAM.
_JjThis proceeding arises out of an application for readmission filed by petitioner, Jeff David Easley, an attorney whose conditional admission to the practice of law in Louisiana was revoked in 2012.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner disclosed three alcohol-related arrests on his application to take the July 2011 Louisiana bar examination. Thereafter, we conditionally admitted him to the practice of law, subject to a two-year period of probation, during which he was required to comply with the terms of his contract with the Lawyers Assistance Program (“LAP”). In re: Easley, 11-2241 (La.10/18/11), 72 So.3d 846. On November 21, 2012, we revoked petitioner’s conditional admission after he violated the terms of his LAP contract by testing positive for alcohol use while under monitoring of that program. In re: Easley, 12-1565 (La.11/21/12), 104 So.3d 406.
Petitioner subsequently filed an application for readmission with the disciplinary board, alleging he has complied with the readmission criteria set forth in Su *662 preme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for readmission. Accordingly, the matter was referred for a formal hearing before a hearing committee.
| ¡Among other evidence presented to the hearing committee, petitioner and his witnesses testified concerning his successful completion of a long-term inpatient program for treatment of substance dependence. In addition, petitioner testified that after he was discharged from the treatment program, he entered into a new five-year LAP agreement with which he has been in compliance since it was executed on October 2, 2012.
Following the hearing, the hearing committee recommended that petitioner be readmitted to the practice of law, conditioned upon his continued compliance with his October 2, 2012 LAP agreement. Neither petitioner nor the ODC filed an objection to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and readmit petitioner to the practice of law. As found by the committee, the record provides clear and convincing evidence of petitioner’s compliance with the readmission criteria. In particular, the record supports the finding that petitioner has not practiced law or engaged in additional misconduct since his conditional admission was revoked. Most significantly, though, petitioner has shown that he has been sober for more than one year and is likely to remain that way so long as he adheres to the requirements of his LAP contract. Under these circumstances, we find petitioner has shown that he possesses the requisite competence, honesty, and integrity to be readmitted to the practice of law.
Accordingly, we will readmit petitioner to the practice of law, subject to a period of probation to coincide with the remainder of his October 2, 2012 LAP agreement. In light of petitioner’s past conduct, we take this opportunity to caution him that that in the future we will expect nothing less than scrupulous adherence to the requirements of his LAP agreement. The ODC shall monitor petitioner’s compliance with his LAP agreement and notify this court of any violation, which Rmay be grounds for immediately transferring petitioner to disability inactive status, or placing him on interim suspension, as appropriate.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Jeff David Easley, Louisiana Bar Roll number 34170, be immediately readmitted to the practice of law in Louisiana, subject to the conditions set forth in this opinion. All costs of these proceedings are assessed against petitioner.